JUSTICE GRAY,
dissenting.
I respectfully dissent from the opinion of the Court, which attempts to resolve this dispute on the basis of a continued void in the District Court’s findings on the maintenance issue. I would remand for the entry of sufficient findings with regard to Marcia’s “reasonable needs” and “suitable employment” vis-a-vis the maintenance issue.
This is the second time this case has been before the Court. In an unpublished opinion in the first appeal, we modified and otherwise affirmed the District Court’s determination of the value of the marital estate, vacated the award of maintenance and remanded for consideration of the statutory requirements contained in § 40-4-203(l)(a) and (b), MCA. We stated that the statute
requires that the court find that a spouse lacks sufficient property to provide for her reasonable needs or is unable to support herself through appropriate employment. The court made no such finding in this case.
We noted that Marcia’s then-current earnings were determined by the court, but that “[i]t is not apparent from the findings that the threshold requirements of § 40-4-203(l)(a) and (b), MCA, were considered in this case.”
On remand, the court found “that the original award of maintenance is still valid.” It stated that it considered the statutory requirements and specifically “found” that Marcia’s “earnings and property are insufficient to meet her reasonable needs in light of [certain debts incurred in her post-dissolution relocation to Arizona].” The District Court made no findings whatsoever regarding Marcia’s living expenses and reasonable needs or to what extent those needs were *342 unmet by her property and income. It merely made a conclusory statement that the statutory requirements were met.
I recognize that the district courts of Montana labor under an ever-increasing workload with insufficient staff and other resources. While this Court should not impose unnecessarily onerous requirements, we must require trial courts to provide sufficient findings on dispositive matters to enable us to properly exercise our appellate review. It is my view that the District Court’s opinion on remand does not meet the intent of our original remand; nor does it provide sufficient findings for the appropriate exercise of appellate review by this Court.
In this instance, the void left by the District Court results in an opinion by this Court that does not — because it cannot, based on the trial court’s opinion — apply the statutory requirements for entitlement to maintenance in determining whether the District Court erred in awarding maintenance. Rather than remand a second time, the Court apparently prefers to “find a way” to affirm and finally be done with this case. As a result, the Court’s opinion at very least appears to ignore the legislatively-enacted policy that maintenance is disfavored in Montana and to undercut the clear statutory requirements for entitlement to maintenance. I disagree that it is appropriate to do either. I would remand for the entry of findings adequate to support the District Court’s conclusion that Marcia is entitled to maintenance.